## No. 2088

### Second Circuit

### W. H. HART v. J. B. HART, ET AL.

(March 11, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 215, 222.**

Parol evidence shall not be admitted to prove a written document different from what it purports to be, in the absence of an allegation of fraud, error or duress.

   (Civil Code, Art. 2276.)

2. **Louisiana Digest—Obligations—Par. 7, 8.**

If a party making an offer die before it is accepted, his heirs or legal representatives are not bound thereby.

   (Code of Practice, Art. 1801.)

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of DeSoto. Hon. J. H. Boone, Judge.

This is a suit by which plaintiff seeks to have a sale of land made by him to his mother declared to be a mortgage or security for debt, have the debt for which it was security declared paid, he declared the owner, and the mortgage canceled.

The defendant filed an exception no cause of action and an answer.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

W. M. Pollock, of Mansfield, attorney for plaintiff, appellant.

Lee & Bell, of Mansfield, attorneys for defendant, appellee.

### STATEMENT OF THE CASE

REYNOLDS, J.    By this suit plaintiff seeks to have a sale made by him to his mother, Mrs. T. E. Hart, of certain lands situated in DeSoto parish, Louisiana, declared to be a mortgage or security for debt, and to have the debt for which it was security declared paid, and he declared to be the owner of the property and the mortgage canceled; otherwise to compel the defendants to convey the property to him by virtue of an alleged counter-letter from his mother to him.

Defendants filed an exception of no cause of action and also an answer putting at issue all of the allegations of plaintiff's petition.

In the district court there was judgment in favor of defendants rejecting plaintiff's demands, and he has appealed.

### OPINION

Plaintiff presents two propositions.

He asks that the sale from him to his mother be declared a mortgage or security contract, but he does not allege that he executed the deed under error, fraud or duress.  Hence he is not in position to offer any proof in support of the allegation that the deed was given as a security for debt, and his petition therefore fails to state a cause of action.

He also asks to be declared the owner of the property sued for by virtue of a promise of sale made to him by his mother, dated May 10, 1913.

The petition does not allege that plaintiff accepted the offer of his mother during her lifetime to sell him the property, and under Article 1810 of the Civil Code:

"If the party making the offer die before it is accepted, or he to whom it is made die before he has given his assent, the representatives of neither party are bound * * *."

In his petition defendant alleges that his mother is dead and that by last will she had disposed of the property in controversy.

It therefore follows that the petition fails to state a cause of action as to his mother's promise to sell him the property.

We are convinced that plaintiff's petition fails to state a cause of action.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended by sustaining defendant's exception of no cause of. action to plaintiff's petition and that as amended the judgment appealed from be affirmed with costs.